DEBORAH M. SMITH
Acting United States Attorney

Eve C. Zamora
Special Assistant U.S. Attorney
101 12ᵗʰ Avenue, Room 310
Fairbanks, Alaska 99701
Telephone: (907)353-6561/6510
Fax:(907)353-6501
Eve.zamora@wainwright.army.mil



Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:06-cr-00007-TWH-1 |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| CHANH VAN NGUYEN, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, this memorandum confirms the complete plea agreement between the United States and Chanh Van Nguyen ("Defendant"). No other agreement, understanding, or promise exists between these parties. This plea agreement is entered into pursuant to Rule 11(a)(1), Federal Rules of Criminal Procedure. Because the case arises out of facts occurring after November 1, 1987, the Defendant's sentence is determined by the United States Sentencing Commission Guidelines Manual ("Guidelines").

## I. TERMS

The parties agree that under Criminal Rule 11(a)(1) the Defendant conditionally pleads guilty to the one count information charging him with:  COUNT I - THEFT, in violation of 18 U.S.C. § 641.

The maximum punishment for COUNT I, a Class A Misdemeanor, is 1 year imprisonment, a $100,000.00 fine, and a $25 special assessment. See 18 U.S.C. §§ 3359, 3571.

## II. PARTIES' OBLIGATIONS

### A. Defendant's Obligation

The Defendant is charged in a one count Information, which alleges against this Defendant a violation of 18 U.S.C. § 641.  The Defendant has read and fully understands the nature and elements of the crime charged in the Information, and the terms and conditions of this plea agreement, and will advocate the disposition agreed to herein.  The Defendant withdraws all previous pleas to enter a plea of guilty to the charge in Count I of the Information: Theft.

The Defendant understands this agreement binds only the undersigned parties and no other federal, state, or local authority. The Defendant acknowledges no promises have been made regarding any civil or administrative or immigration consequences resulting from this plea of guilty.

### B. United States' Obligations

The United States consents to advocate the disposition agreed to herein.

### C. Compliance With Sentencing Guidelines

The United States asserts that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offence. The Sentencing Guidelines are not affected by this agreement.

## III. ELEMENTS

The United States must prove each of the following elements beyond a reasonable doubt for Count I: 1. that, the Defendant took certain merchandise from the Army and Air Force Exchange Service. 2. that, the Defendant did so with the intent of not rendering payment for said merchandise.

## IV. FACTS

Defendant acknowledges the truth of and agrees to the following facts: On the 14th day of December 2005, he entered the Fort Wainwright Army and Air Force Exchange Service ("Post Exchange"). Defendant concealed one lapel pin on his person. He then exited the Post Exchange without rendering payment for this item. He was stopped and apprehended. He was then advised of his rights by the Military Police and released to his own recognizance.

This statement of facts does not bind the court. Either party may tell the probation office or court about information and facts not stated herein.

## V. PENALTIES

A. Pursuant to 18 U.S.C. §641, the maximum penalty that may be imposed for Theft of public property is imprisonment for no more than

one (1) year and a fine of up to $100,000, and a special assessment of
$25.

B.   Pursuant to Comment 7 to §5E1.2 of the Guidelines, the court
may impose an additional fine to pay the costs to the government of
any imprisonment and supervised release term.

C.   Pursuant to 18 U.S.C. §3612(f), unless otherwise ordered, if
the court imposes a fine of more than $2,500 as part of the sentence,
interest will be charged on the unpaid balance of a fine amount not
paid within 15 days after the judgement date.

D.   Upon violating any condition of supervised release, a further
term of imprisonment equal to the period of the supervised release may
be imposed, with no credit for the time already spent on supervised
release.

E.   As a result of pleading guilty, the Defendant may lose (for a
drug offense after 11/17/88) certain federal benefits as provided in
21 U.S.C. §862, and (for any felony offense) certain rights, such as
the right to vote, to hold public office, to serve on a jury, and to
possess firearms.  The Defendant understands that the United States
reserves the right to notify any state or federal agency by whom the
Defendant is licensed, or with whom the Defendant does business, of
the fact of the Defendant's conviction.

## VI.  SENTENCING GUIDELINES

A.   The Defendant understands that sentence will be imposed
pursuant to the Guidelines and that the court is required to consider
all applicable guidelines although it may depart from them under some
circumstances.  The parties have an agreement as to sentence in this
case.  Any discussions between the undersigned regarding application
of the guidelines do not bind the court.  The Defendant acknowledges

discussing the guidelines with the Defendant's attorney, and understands how they are applicable to this case.

B. The parties do agree on the offense level calculation for the Defendant. Any prior record will be brought to the attention of the court.

C. Probation is authorized because the minimum of the Guideline range is less than six (6) months.

D. The Defendant understands that, pursuant to §5E1.2 of the Guidelines, the court must fine the Defendant within a range corresponding to the offense level, unless the maximum statutory fine exceeds $100,000. No fine will be imposed if the court determines the Defendant unable to pay it.

E. The Defendant understands that, pursuant to §5E1.1 of the Guidelines, the court must require the Defendant to pay restitution for the amount of the victim's loss.

F. Pursuant to 18 U.S.C. §3013, a special assessment of $25 per misdemeanor count must be imposed by the court. The Defendant agrees to pay this $25 special assessment on or before the day of the sentencing by cash, cashier's check, or US Postal Money Order to the Clerk of the Court.

G. The United States reserves its appeal rights provided in the Sentencing Reform Act of 1984.

## VII. SENTENCE RECOMMENDATION

Both parties agree that the proposed sentence is within the sentencing guidelines. Pursuant to 18 U.S.C. § 3553(b), both parties agree an appropriate sentence in this case is:

1)   One Year Probation; and

2)   $500.00 Fine; and

3)   $25.00 Special Assessment Fee

4)   Mental health evaluation and counseling.

Both parties agree that the sentence reflects the seriousness of the offense, will promote respect for the law, and will provide a just punishment.

## VIII.  WAIVER OF RIGHTS AND CONSEQUENSES OF PLEA

I, Chanh Van Nguyen being of sound mind and under no compulsion, threat, or promises, except as previously stated, acknowledge that I have read this plea agreement, that I understand its terms and conditions, and that the matters set forth herein, including the facts that support my guilty plea, are true and correct.

A.  I wish to enter a plea of guilty to Count I of the Information charging me with Theft of public property because I am guilty.  I understand the nature and elements of the crimes to which I am pleading guilty.  I understand that by pleading guilty I am admitting that the allegations against me in the Count to which I am pleading is true.

B.  I acknowledge that I have been advised and understand that by entering a plea of guilty I am waiving, that is giving up, certain rights guarantee to me.  Specifically, by pleading guilty I knowingly and voluntarily give up the following rights:

•   The right to plead not guilty or to persist in that plea if it has already been made;

•   The right to a speedy and public trial by a jury both as to guilt or innocence and as to the forfeiture of any money or property;

- The right to object to the composition of the petit jury;

- The right to be presumed innocent and not to suffer any criminal penalty or criminal forfeiture unless and until my guilt is established beyond a reasonable doubt;

- The right to confront and cross-examine witnesses against me, and the right to subpoena witnesses to appear on my behalf;

- The right to remain silent at trial, with such silence no to be used against me, and the right to testify on my own behalf;

- The right to contest the validity of search warrants executed on my property or person;

- The right to appeal or contest, directly or collaterally my conviction, any criminal forfeiture, or any sentence on any ground unless the court imposes a sentence in excess of the statutory maximum or a sentence that is contrary to the sentencing guidelines or a sentence that violates this plea agreement.

C.  I understand if I were convicted after a trial, I could appeal the conviction; but that pleading guilty, I give up the right to appeal my conviction.

D.  I understand the court may ask me questions about the offense to which I plead guilty.  If I answer falsely under oath, on the record, and in the presence of counsel, my answers may later be used against me in a prosecution for perjury or making a false statement.

E.  I understand it is my attorney's duty to examine the facts of the case and advise me as to what plea I should enter.  I also understand that it is my attorney's duty to abide my wishes.  If my attorney refused to do so, I would inform the judge immediately.

F.  I understand anything I discuss with my attorney is privileged and confidential, and cannot be revealed without my

permission. Knowing this, I agree that this agreement may be filed among the papers in my case.

G. I am completely satisfied with the representation and advice that I have received from my attorney in this case.

_____                    7/13/2006
Chanh Van Nguyen                              _____
Defendant                                     DATE


As Counsel for the Defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the Defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the Defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.

_____                    7/13/2006
M.J. HADEN,                                   _____
Attorney for Defendant                        DATE

On behalf of the United States, the following accepts the offer
of Chanh Van Nguyen to plead guilty under the terms of this plea
agreement.

DATED this ____14____ day of ____July____ , 2006

Respectfully submitted.


DEBORAH M. SMITH
Acting United States Attorney



/s/ EVE C. ZAMORA
Eve C. Zamora
Special Assistant U.S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Telephone: (907)353-6561/6510
Fax:(907)353-6501
Eve.zamora@wainwright.army.mil

TOTAL P.09